**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PATRICK J. MALLOY, III,** )<br>**Bankruptcy Trustee for the Estate** )<br>**of Carl Cobb,** )<br>　　　　　　　　　　　　　　　　)<br>　　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)　　Case No. 05-CV-0107-CVE-FHM<br>　　　　　　　　　　　　　　　　)<br>**VIRGIL "BUD" REED, the TOWN OF** )<br>**MANNFORD, and JANE and/or JOHN DOE,** )<br>　　　　　　　　　　　　　　　　)<br>　　　　　**Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment and Brief in Support (Dkt. ## 14, 15). Defendants claim that the United States Trustee for Carl Cobb's bankruptcy estate, Patrick J. Malloy ("Trustee"), is barred from pursuing Cobb's employment discrimination claim. They argue that the Court should apply judicial estoppel to prevent Cobb from committing fraud against the Court, because he failed to list this claim as an asset of the bankruptcy estate. The Trustee claims that he has been substituted as the real party in interest, and therefore, there is no reason to invoke judicial estoppel.

## I.

On December 8, 2003, Carl Cobb originally filed this lawsuit in state court, alleging claims under 42 U.S.C. § 1983 and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"). Defendants removed the action to federal court on the basis of federal question jurisdiction. Cobb subsequently filed for Chapter 7 bankruptcy on April 26, 2004. Cobb failed to list his pending claims against defendants as an asset of his estate. However, Cobb did inform his bankruptcy attorney about the claims and his bankruptcy attorney neglected to include the claims on Cobb's

schedules.[1]  The bankruptcy court granted Cobb's bankruptcy petition and discharged his debts on July 26, 2004.

Cobb informed the Trustee about the claims and the Trustee has been substituted as the plaintiff. At the same time, the Trustee petitioned the bankruptcy court to reopen Cobb's bankruptcy to include the unlisted claim. The bankruptcy court granted the motion to reopen and Cobb has been given leave to amend his bankruptcy schedules to list the claims against defendants as an asset of the estate.[2]

**II.**

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Defendants have styled their motion a motion to dismiss or, in the alternative, a motion for summary judgment. Normally, the Court would be required to convert a motion to dismiss into a motion for summary judgment if the moving party had attached materials outside the complaint, and would be required to give notice to all parties to submit relevant evidence. Paper, Allied Industrial,

---

[1] The bankruptcy attorney, Billie Joe Ellington, was apparently unaware that Cobb's retaliatory discharge and FLSA claims had any value. He states that he was not familiar enough with civil rights cases to determine if Cobb's claims were viable claims.

[2] The bankruptcy court has stricken Cobb's amended schedules for failing to cure a deficiency after two deficiency notices. Cobb has not resubmitted his amended schedules to include the claims against defendants.

2

Chemical & Energy Workers International Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). However, the "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record," without converting the motion into a motion for summary judgment. Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000). The parties have cited bankruptcy court records and judicial decisions, all of which the Court can take judicial notice. Therefore, the Court will treat defendants' motion as a motion to dismiss instead of a motion for summary judgment.

### III.

Defendant's primary argument is that judicial estoppel bars the Trustee from pursuing Cobb's claims against them, because Cobb failed to list these claims as an asset of his bankruptcy estate. There is no dispute that a debtor is required to make full and complete disclosure of his assets when he files for bankruptcy. 11 U.S.C. § 521(a); United States v. McIntosh, 124 F.3d 1330, 1335 (10th Cir. 1997). There is a growing body of precedent invoking judicial estoppel to preclude a debtor from pursuing litigation if the debtor fails to list the claim on his bankruptcy schedules. However, the Tenth Circuit has not ruled on this issue, and did not recognize the doctrine of judicial estoppel until 2005. See Johnson v. Lindon City Corp., 405 F.3d 1065 (10th Cir. 2005). Although the trend is to apply judicial estoppel in similar circumstances, courts have not automatically applied this doctrine based on the mere fact that the debtor omitted a claim from his bankruptcy schedules.

### A.

Defendants argue that the Trustee can not pursue the claim on Cobb's behalf, because Cobb did not have standing to file the lawsuit. Defendants argue that plaintiff lacked standing to file the action because his claim was the property of the bankruptcy estate, and only the trustee in

bankruptcy had standing to file the claim. In support of this argument, defendants rely on <u>Dailey v. Smith</u>, 684 N.E.2d 991 (Ill. App. Ct. 1997). The Trustee responds that he has been substituted as the real party in interest and has standing to prosecute Cobb's civil rights claims.

In <u>Dailey</u>, plaintiff sued two former business partners who refused to divulge plaintiff's share of the profits from a business deal.[3] Plaintiff obtained a judgment for $288,000. Defendants filed a motion notwithstanding the verdict arguing that plaintiff lacked standing to pursue his claim, because he failed to list the claim as an asset on his bankruptcy schedules. The trial court granted defendants' motion and the Illinois Court of Appeals affirmed. Citing the broad reach of 11 U.S.C. § 541, the appellate court found that "[o]nce a debtor files for bankruptcy, any unliquidated lawsuits become part of the bankruptcy estate, and, even if such claims are scheduled, a debtor is divested of standing to pursue them upon filing his petition. <u>Id</u>. at 993. Plaintiff asserted that he informed his bankruptcy attorney about the claim, but the attorney failed to list the claim as an asset. The court rejected this argument, because plaintiff's attorney unequivocally stated that she understood the value of the unliquidated claim and would have listed it on the bankruptcy schedules if she had known the claim existed. Defendant's motion was granted as to both standing and judicial estoppel.

<u>Dailey</u> is distinguishable from the present case because the facts differ in several material respects. The parties do not dispute that a bankruptcy trustee may pursue legal claims belonging to the bankruptcy estate once the petition for bankruptcy has been filed. <u>In re McGavin</u>, 189 F.3d 1215, 1219 (10th Cir. 1999) ("the Trustee, standing in the Debtor's shoes, can claim all property of

---

[3]   Michael Dailey formed a business called Overlay Systems which designed and sold decorative wall coverings. Dailey entered an oral partnership with Richard Smith and John Bittner to purchase customized vinyl and resell the vinyl to third parties. Dailey filed a breach of contract alleging that Smith and Bittner refused to pay Dailey his share of the profits.

the Debtor, legal or equitable); Loyd v. Paine Webber, Inc., 208 F.3d 755, 758 (9th Cir. 2000) (holding that trustee has standing to assert claims held by debtor immediately before filing bankruptcy); Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865, 868 (5th Cir. 1971) (trustee has sole right to pursue claims of the estate once bankruptcy petition has been filed). In the present case, the debtor is no longer the plaintiff of record. Cobb filed this lawsuit before filing a petition for Chapter 7 bankruptcy and clearly had standing at the time the case was filed. Once the Trustee learned of Cobb's civil rights claim, he entered an appearance in the case and was substituted as the real party in interest.[4] The bankruptcy court has given plaintiff permission to file amended schedules that include the previously unlisted tort claim against defendants. Based on the facts, this case is clearly distinguishable from Dailey, because Cobb had standing to file the claim when it was filed and the Trustee, who has standing to pursue the claim, has been substituted as the plaintiff. Defendants' motion to dismiss is moot to the extent that it relies on Cobb's lack of standing to litigate his claims.

**B.**

The primary issue raised in defendants' motion to dismiss is whether judicial estoppel should be applied to bar the Trustee from litigating Cobb's claims against defendants. Defendants argue that Cobb and the Trustee are precluded from pursuing Cobb's claims because Cobb knew about the claims when he filed for bankruptcy but failed to reveal this asset to the bankruptcy court. The Trustee responds that even if judicial estoppel were to prevent Cobb from proceeding with the claims, the Trustee is not barred from litigating the claims. The Tenth Circuit has not decided if

---

[4] Defendants suggest that Cobb and the Trustee have colluded against them by substituting the Trustee as the plaintiff. Defendants claim that was not done initially because the Trustee gained a strategic advantage by delaying his entry into the case. The Court can not perceive what advantage the Trustee may have gained.

judicial estoppel should be applied when a debtor fails to list a claim on his bankruptcy schedules. Until 2005, the Tenth Circuit avoided applying judicial estoppel under any circumstances, and there is very little precedent in this circuit concerning the application of judicial estoppel.[5]

Many federal circuit courts of appeal have held that a court may invoke judicial estoppel to prevent a bankruptcy debtor from adopting an inconsistent position in a subsequent judicial proceeding. See Cannon-Stokes v. Potter, 453 F.3d 446 (7th Cir. 2006); Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003); Browning v. Levy, 283 F.3d 761 (6th Cir. 2002); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783-75 (9th Cir. 2001); United States ex rel. Gebert v. Transport Administrative Services, 260 F.3d 909 (8th Cir. 2001); Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570 (1st Cir. 1993); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir. 1988).[6] However, the approaches to this issue vary and, contrary to defendants' claims, courts have not automatically applied judicial estoppel due to a debtor's omission on a bankruptcy filing.

In a recent decision, the Eighth Circuit reversed a district court's decision to dismiss a plaintiff's wrongful termination claim based on judicial estoppel. Stallings v. Hussman Corp., 447 F.3d 1041 (8th Cir. 2006). In Stallings, the plaintiff was fired from his job on October 1, 2002, but he had previously filed a Chapter 13 bankruptcy. He filed a wrongful termination claim against his former employer, but the district court dismissed the case because the plaintiff failed to disclose the

---

[5] There are only two published Tenth Circuit opinions stating that judicial estoppel is a recognized affirmative defense. Pacific Frontier v. Pleasant Grove City, 414 F.3d 1221 (10th Cir. 2005); Johnson, 405 F.3d 1065. Both Pacific Frontier and Johnson involve a civil rights claim following a prior criminal proceeding.

[6] The Second, Fourth, and Tenth Circuits have not ruled on the applicability of judicial estoppel when a debtor fails to notify the bankruptcy court about a potential claim.

6

claim to the bankruptcy court. Applying the three-part test used by the Supreme Court in New Hampshire v. Maine, 532 U.S. 742 (2001), the Eighth Circuit found judicial estoppel should not have been applied. Stallings, 447 F.3d at 1047-49. The Eighth Circuit stated that "the debtor's non-disclosure of the claim must not be inadvertent and must result in the debtor gaining an unfair advantage." Id. at 1048. The court found no evidence that the debtor derived an unfair advantage, because he had already filed for bankruptcy at the time his claim against his employer arose. The wrongful termination claim was unrelated to the bankruptcy and he received an adverse ruling from the Department of Labor on his Family and Medical Leave Act claim, suggesting that he did not have a viable claim. The Eighth Circuit held that the district court abused its discretion by dismissing the case based on judicial estoppel.

Several other appellate courts that have considered the issue apply judicial estoppel only in cases where the debtor intentionally concealed a claim from the bankruptcy court. See Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005) (requiring judicial finding that debtor's failure to list claim was intentional, but placing burden on debtor to prove omission was inadvertent or that debtor had no motive to conceal claim); Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 898 (6th Cir. 2004) (holding that judicial estoppel is inappropriate if debtor's omission is the result of mistake or inadvertence); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286-87 (11th Cir. 2002) ("[plaintiff] is correct that the doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence"); Ryan Operations G.P. v. Santiam-Midwest Lumber, 81 F.3d 355, 363 (3d Cir. 1996) (debtor's omission of a claim for bankruptcy schedule was not sufficient for the court to draw an inference that the debtor intentionally concealed claim). The debtor's omission may lead to a rebuttable inference of bad faith or intentionality in

7

cases where the pleadings show that the debtor knew about the undisclosed claim and had a motive to conceal the claim. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003) ("a rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal the claim the face of an affirmative duty to disclose"); In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999) ("the debtor's failure to satisfy its disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment").

The Tenth Circuit previously refused to apply judicial estoppel under any circumstances, but changed its position based on the Supreme Court's decision in New Hampshire. See Johnson, 405 F.3d at 1068-69; United States v. 162 MegaMania Gambling Devices, 231 F.3d 713, 726 (10th Cir. 2000); Webb v. ABF Freight Sys. Inc., 155 F.3d 1230, 1242 (10th Cir. 2000). In Johnson, the Tenth Circuit crafted the following three-step analysis for claims of judicial estoppel:

> "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id*. (citation omitted). Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir.1996). Second, "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808 (citation omitted). The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery*, 92 F.3d at 224. Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751, 121 S.Ct. 1808.

Id. at 1069. These three elements are not absolute requirements, but factors in guiding a court's application of the doctrine of judicial estoppel. Applying these three factors, it is clear that judicial estoppel is not appropriate in this case.

8

Defendants have established the first two factors, because it is clear that the debtor omitted his claims from his bankruptcy schedules and the bankruptcy court granted a discharge based on the debtor's representations in the schedules. This makes the debtor's statements in the bankruptcy schedules inconsistent with his filings in this Court that he has claims against defendants, and he persuaded the bankruptcy court to accept his position that his schedules were correct. However, defendants have not identified any unfair advantage to plaintiff that has resulted from the debtor's omission of his claim on his schedules. Defendants do not even cite Tenth Circuit precedent applying the doctrine of judicial estoppel, and fail to make any argument based on the test for judicial estoppel in this circuit. The Court can not find that Cobb has received any advantage from omitting the claims, because the Trustee has been substituted as the plaintiff and plaintiff has been granted permission to amend his bankruptcy schedules. Any recovery will go to the bankruptcy estate and Cobb's creditors and there is no apparent tactical advantage from having the Trustee litigate the claim instead of Cobb. The Court also finds that no harm will result to the judicial system if judicial estoppel is not applied, because the debtor has received permission from the bankruptcy court to correct his omission and any misstatement to the bankruptcy court can be rectifiied.

District courts within the Tenth Circuit have reach different opinions about the application of judicial estoppel in similar circumstances. In Sandoz v. Reassure America Life Insurance Company, 2005 WL 1175942 (W.D. Okla. 2005) (unpublished), the Western District of Oklahoma held that judicial estoppel precluded a debtor from litigating a claim for disability benefits because

9

she failed to include the claim on her Chapter 13 bankruptcy schedules.[7] That court did not apply the three-part test for judicial estoppel recognized by the Tenth Circuit, but adopted a test used by the Eleventh Circuit in De Leon v. Comcar Industries, Inc., 321 F.3d 1239 (11th Cir. 2003), applying judicial estoppel if "the plaintiff both knew about the undisclosed claim and had a motive to conceal [the claim] from the bankruptcy court." Id. at 1291. The court found that Sandoz knew about her claim for disability benefits when she filed for bankruptcy and had a motive to conceal the claim. Sandoz, 2005 WL 1175942 at *3. The court focused on the nature of a Chapter 13 bankruptcy, finding that the disability benefits she sought from her insurer were necessary to fund the Chapter 13 plan. Without including the disability benefits as part of the bankruptcy estate, the Chapter 13 plan would have failed. Sandoz's failure to list the disability benefits claim as an asset was not simply a mistake, but was an intentional act from which the court could infer that Sandoz intentionally manipulated the judicial system.

In Autos, Inc. v. Gowin, 330 B.R. 788 (D. Kan. 2005), the district court applied judicial estoppel when a debtor failed to amend her schedules to include an unlisted claim against Autos, Inc. The debtor brought an adversary proceeding to assert a claim that Autos, Inc. wrongfully repossessed her vehicle, but did not list the claim on her petition for relief under Chapter 13 of the bankruptcy code. The district court found there would have been an unfair advantage for the debtors in Autos, Inc., because the trustee could only claim a 50 percent share of the post-petition claim in a Chapter 13 bankruptcy. Id. at 796. However, the court found the proper remedy was not to dismiss the claims against Autos, Inc., but to allow the debtor to seek permission to reopen her

---

[7] The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

10

bankruptcy to include the claim as an asset. Id. at 797. Dismissing the claim against Autos, Inc. "would provide a windfall to the wrongdoer and would deprive creditors of a bankruptcy asset, small though it may be." Id. at 796.

These cases are distinguishable from the present case, because the courts in both cases found an additional element of harm to the creditors or unfair benefit to the debtors from the rules applicable in Chapter 13 bankruptcy proceedings. It is much more difficult to cure the prejudice resulting from an omission in a Chapter13 bankruptcy, when compared with the relatively simple procedure of reopening a Chapter 7 bankruptcy to include an unlisted claim. In Sandoz and Autos, Inc., the courts found that the debtors gained an unfair advantage by failing to list the claim, but there are no facts that would support such a finding in this case. The Trustee has already been substituted as the real party in interest and the creditors of the bankruptcy estate are the only parties that stand to benefit from a plaintiff's verdict in this case. Cobb notified his bankruptcy lawyer about the claim before filing his bankruptcy petition, but his attorney neglected to include the claim as an asset of the estate. There is no evidence that Cobb intended to conceal the claim, or had motive to do so, because once he learned he should have listed the claim he promptly notified the bankruptcy trustee. The facts in this case do not create any inference that the debtor intended to conceal the claim, or has derived any benefit from omitting the claim on his bankruptcy schedules.

Even if the Court were to apply judicial estoppel, this would not bar the Trustee from pursuing Cobb's claim against Defendants. The Trustee cites to Parker v. Wendy's International, Inc., 365 F.3d 1268 (11th Cir. 2004), which is very similar to this case. In Parker, the debtor filed an employment discrimination claim against Wendy's in 1999. Vicki Parker and her husband

subsequently filed a petition for a Chapter 7 discharge, which was granted. Id. at 1270-71. Parker's attorney requested a continuance of the trial date in order to substitute the bankruptcy trustee as the real party in interest, because Parker inadvertently failed to list the employment discrimination claim on her bankruptcy schedules. The court granted her motion. The trustee filed a motion to intervene in the employment discrimination suit and a separate motion with the bankruptcy court to reopen Parker's bankruptcy. Both motions were granted, but the district court dismissed the employment discrimination case based on judicial estoppel, because it found that Parker intentionally failed to disclose the claim to the bankruptcy court. The Eleventh Circuit held that judicial estoppel could not be applied to the trustee, because he did not make any false statement to the bankruptcy court. The issue before the court was standing, not judicial estoppel. Id. at 1271-72. The claim was the property of the bankruptcy estate, and the trustee had standing to pursue the claim. The court stated that "[t]he trustee made no false or inconsistent statement under oath in a prior proceeding and is not tainted or burdened by the debtor's misconduct." Id. at 1273.

In this case, the Court has granted Cobb's motion to substitute the Trustee as the real party in interest and Cobb has been terminated as a party to the litigation. Defendants are correct that a trustee is generally bound by the authorized actions of the debtor before the trustee assumes control of the bankruptcy estate. Paul v. Monts, 906 F.2d 1468, 1473 (10th Cir. 1990). However, that does not mean the trustee is precluded from reopening the bankruptcy to amend the debtor's schedules or that the trustee's duty to locate and pursue all assets of the estate is limited because of the debtor's error. The Eleventh Circuit considered this issue in Parker, and noted that as soon as the bankruptcy petition was filed the debtor's interest in the property was extinguished. Any post-petition conduct by the debtor, such as failing to amend his schedules to include the claim, is not attributable to the

trustee. Parker, 365 F.3d at 1272 n.3. The Court finds no reason to apply judicial estoppel against the Trustee, because he clearly has standing to litigate the case and he did not make any statement that could have misled the bankruptcy court.

The Trustee has not abandoned the claim, and there is no reason to prevent the Trustee from litigating the case to its conclusion. As the Seventh Circuit has stated:

> Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit. Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied. But if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore.

Cannon-Stokes, 453 F.3d at 448. In Cannon-Stokes, the trustee had formally abandoned the claim, so the court applied judicial estoppel to bar the debtor from proceeding with the claim. Id. Defendants have presented no basis for preventing the Trustee from litigating Cobb's claim and their motion to dismiss on the basis of judicial estoppel should be denied.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment and Brief in Support (Dkt. ##14, 15) is **denied**.

**DATED** this 9th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT